UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MARIO L. MELO,
JULIO C. GALVEZ,
YOAHY SABOGAL,
and other similarly-situated individuals,

v.

CUESTA CONSTRUCTION CORP.,
ALL CONSTRUCTION & DEVELOPERS
SOUTH FLORIDA LLC,
MONMAN LIGHTNING BATH CENTER CORP,
JAIRO VIVES, and DOMINGO L. MONTENEGRO,
Individually,

      Defendant,
_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

     COME NOW the Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY

SABOGAL, and other similarly-situated individuals, by and through the undersigned

counsel, and hereby sue Defendants CUESTA CONSTRUCTION CORP., ALL

CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, MONMAN

LIGHTNING BATH CENTER CORP, JAIRO VIVES, and DOMINGO L.

MONTENEGRO, individually and alleges:

<u>JURISDICTION VENUES AND PARTIES</u>

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, by Title 29 U.S.C. § 201-219, the Fair Labor Standards Act, "the Act" (Section 216 (b) for jurisdictional placement).

2. Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL are residents of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant CUESTA CONSTRUCTION CORP. is a Florida Corporation which has its place of business in Dade County, within the jurisdiction of this Court. Defendant is a General Contractor. At all times, Defendant CUESTA CONSTRUCTION CORP. was and is engaged in interstate commerce.

4. Defendant ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC is a Florida Corporation which has its place of business within the jurisdiction of this Court. Defendant is a construction company. At all times, Defendant was and is engaged in interstate commerce.

5. Defendant MONMAN LIGHTNING BATH CENTER CORP, is a Florida Corporation which has its place of business within the jurisdiction of this Court. Defendant is a construction company. At all times, Defendant was and is engaged in interstate commerce.

6. Pursuant to 29 C.F.R. §791.2, Defendants CUESTA CONSTRUCTION CORP., ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN

LIGHTNING BATH CENTER CORP are joint employers of Plaintiffs. within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

7. The individual Defendant JAIRO VIVES was and is now, the owner/partner/manager of Defendant Corporation ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC. This individual Defendant was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

8. The individual Defendant DOMINGO L. MONTENEGRO was and is now, the owner/manager of Defendant Corporation MONMAN LIGHTNING BATH CENTER CORP. This individual Defendant was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

9. All the action raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

10. This cause of action is brought by Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL as a collective action to recover from Defendants minimum and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2017, (the "material time") without being properly compensated.

11. Defendant CUESTA CONSTRUCTION CORP. is the general Contractor, responsible for the project of construction, remodeling of Lennox Hotel, (hereinafter Lennox Hotel Project) located at 1900 Collins Avenue, Miami Beach, Florida 33139. Plaintiffs worked in this location.

12. Defendants ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC and MONMAN LIGHTNING BATH CENTER CORP, are construction companies participating in the Lennox Hotel Project as subcontractors of CUESTA CONSTRUCTION CORP.

13. Pursuant 29 C.F.R. §791.2, CUESTA CONSTRUCTION CORP., ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP were joint employers of Plaintiffs because: 1) CUESTA CONSTRUCTION through its owners/managers, agents had equal and absolute control over the Plaintiffs and all other employees similarly situated, working in the Lennox Hotel Project; 2) Ariel Diaz (from CUESTA CONSTRUCTION CORP.) directed, controlled, and supervised the work performed by Plaintiffs; CUESTA CONSTRUCTION CORP. through Ariel Diaz, and Domingo L. Montenegro, equally assigned duties to Plaintiffs and other employees similarly situated; 3) CUESTA CONSTRUCTION CORP., through their managers, jointly and equally determined terms and employment conditions of Plaintiffs and other employees similarly situated; 4) CUESTA CONSTRUCTION provided necessary materials to complete Plaintiffs' work; 5) The work of Plaintiffs simultaneously benefited the three corporations; 6) The work performed by Plaintiff and other similarly situated individuals were an integral part of the business operation of CUESTA CONSTRUCTION CORP. ALL

CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP.

14. Therefore, because the work performed by Plaintiffs and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants CUESTA CONSTRUCTION CORP. ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP. are joint employers as defined in 29 C.F.R. §791.2. and they are jointly and severally liable for unpaid minimum and overtime wages of the Plaintiffs in this action.

15. Defendants CUESTA CONSTRUCTION CORP., ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP., hereinafter will be called collectively CUESTA CONSTRUCTION or corporate Defendant.

16. Defendant CUESTA CONSTRUCTION was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a General Contractor, working in the construction/remodeling of hotel facilities, which would be providing services to the tourisms, and hotel industries. Consequently, Defendant's business activities affect interstate commerce. Defendant had more than two employees regularly engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the

Employer/Defendant was at all times hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

17. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction/remodeling of facilities dedicated to provide services in interstate commerce. Therefore, there is FLSA individual coverage.

18. Defendant CUESTA CONSTRUCTION hired Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL as non-exempt, hourly employees. Plaintiffs worked in the Lennox Hotel Project, as a tile installers. Plaintiffs' wage rate was set at $13.00 an hour.

19. Defendant employed Plaintiffs at different times and periods, but all of them were subjected to the same employment practices, and they were not paid minimum wages and overtime hours at the rate of time and a half their regular rate.

20. Throughout their time of employment with CUESTA CONSTRUCTION, Plaintiffs worked six days per week, from Monday to Saturday the same schedule, approximately from 8:00 AM to 6:30 PM. (10.5 hours). Plaintiffs had lunch breaks of half an hour. Sometimes Plaintiffs began to work earlier, and finished their shift later. Thus, Plaintiffs worked a minimum of 60 hours every week. (Plaintiffs have deducted three hours of lunch-time every week).

21. Defendant required Plaintiffs to work in excess of 40 hours every week. However, Defendant did not pay Plaintiffs for all their hours worked. During several weeks, Plaintiffs were not paid their regular wages and overtime hours at any rate.

22. Plaintiffs were not allowed to punch in and out, and Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiffs and other similarly situated employees.

23. During their time of employment with Defendant, Plaintiffs were paid in cash, only a fraction of their hard-earned wages.

24. Therefore, Defendant willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

25. Plaintiffs complained many times with management about their payment for regular and overtime hours, every time they gave excuses, but they did not correct the problem.

26. As a result of Plaintiffs' complaints, they were fired at different dates, and they never were paid their due wages.

27. Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL seek to recover unpaid regular and overtime hours, liquidated damages, retaliatory damages and any other relief as allowable by law.

28. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;

**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

29. Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL re-adopt each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30. This action is brought by Plaintiffs and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Pursuant 29 C.F.R. §791.2, CUESTA CONSTRUCTION CORP., ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP were joint employers of Plaintiffs.

32. Defendants CUESTA CONSTRUCTION CORP., ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP., hereinafter will be called collectively CUESTA CONSTRUCTION or corporate Defendant.

33. Defendant CUESTA CONSTRUCTION was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

34. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction/remodeling of facilities

dedicated to provide services in interstate commerce. Therefore, there is FLSA individual coverage.

35. By reason of the foregoing, the Employer/Defendant CUESTA CONSTRUCTION was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

36. A.-The Defendant employed Plaintiff MARIO L. MELO from approximately January 16, 2017 to February 15, 2017, or four weeks (4 weeks). Plaintiff was hired as a non-exempt hourly employee and his regular rate was $13.00 an hour. During his time of employment Plaintiff worked an average of Sixty (60) hours weekly. However, Defendant did not pay Plaintiff his overtime hours. at the rate of time and one half his regular rate for every hour worked in excess of 40, as established by the Fair Labor Standards Act.

37. B.-The Defendant employed Plaintiff JULIO C. GALVEZ from approximately January 16, 2017 to March 30, 2017, or Ten weeks (10 weeks). Plaintiff was hired as a non-exempt hourly employee and his regular rate was $13.00 an hour. During his time of employment Plaintiff worked an average of Sixty (60) hours weekly. However, Defendant did not pay Plaintiff his overtime hours. at the rate of time and one half his regular rate for every hour worked in excess of 40, as established by the Fair Labor Standards Act.

38. C.-The Defendant employed Plaintiff YOAHY SABOGAL from approximately January 16, 2017 to March 30, 2017, or Ten weeks (10 weeks). Plaintiff was hired as a non-exempt hourly employee and his regular rate was $13.00 an hour. During his time of employment Plaintiff worked an average of Sixty (60) hours weekly. However,

Defendant did not pay Plaintiff his overtime hours. at the rate of time and one half his regular rate for every hour worked in excess of 40, as established by the Fair Labor Standards Act.

39. While employed by Defendant CUESTA CONSTRUCTION Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL worked an average of more than 40 (Forty) hours per week without being properly compensated. Plaintiffs performed the same or similar duties as that of those other similarly-situated "construction employees", who Plaintiffs observed worked in excess of 40 hours per week, but that were not paid overtime at the proper rate.

40. Plaintiffs were not allowed to punch in and out, and Defendant did not keep track of, and record the hours worked by Plaintiffs and other similarly situated employees, who never clocked in when they arrived for their scheduled 12-hour shift.

41. The records, if any, concerning the number of hours actually worked by Plaintiffs, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

### A.-PLAINTIFF MARIO L. MELO

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

a. <u>Total amount of alleged unpaid wages:</u>

One Thousand Five Hundred Sixty Dollars and 00/100 ($1,560.00)

b. <u>Calculation of such wages:</u>

Total Period of Employment: 4 weeks
Total number of hours worked weekly: 60 hrs.
Total number of overtime hours: 20 hours weekly
Total number of unpaid overtime hours: 20 hours weekly
Regular rate: $13.00 x hour x 1.5 = $19.50 O/T rate

$19.50 O/T rate x 20 O/T hours= $390.00 weekly x 4 weeks = $1,560.00

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid overtime hours.

<u>B.-PLAINTIFF JULIO C. GALVEZ</u>

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

a. <u>Total amount of alleged unpaid wages:</u>

Three Thousand Nine Hundred Dollars and 00/100 ($3,900.00)

b. <u>Calculation of such wages:</u>

Total Period of Employment: 10 weeks
Total number of hours worked weekly: 60 hrs.
Total number of overtime hours: 20 hours weekly
Total number of unpaid overtime hours: 20 hours weekly
Regular rate: $13.00 x hour x 1.5 = $19.50 O/T rate

$19.50 O/T rate x 20 O/T hours= $390.00 weekly x 10 weeks = $3,900.00

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid overtime hours.

<u>C.-PLAINTIFF YOAHY SABOGAL</u>

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

a. <u>Total amount of alleged unpaid wages</u>:

Three Thousand Nine Hundred Dollars and 00/100 ($3,900.00)

b. <u>Calculation of such wages</u>:

Total Period of Employment:  10 weeks
Total number of hours worked weekly:  60 hrs.
Total number of overtime hours:  20 hours weekly
Total number of unpaid overtime hours: 20 hours weekly
Regular rate:  $13.00 x hour x 1.5 = $19.50 O/T rate

$19.50 O/T rate x 20 O/T hours= $390.00 weekly x 10 weeks = $3,900.00

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents the unpaid overtime hours.

43. At all times, the Employer/Defendant CUESTA CONSTRUCTION failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiffs' and those similarly-situated employees' employment

with Defendant as set forth above, and Plaintiffs and those similarly-situated are entitled to recover double damages.

46. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

47. At the time mentioned, individual Defendants JAIRO VIVES, and DOMINGO L. MONTENEGRO were and are now, the owners/partners/managers of ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP (collectively called CUESTA CONSTRUCTION). Defendants JAIRO VIVES, and DOMINGO L. MONTENEGRO are also the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs and others similarly situated. Defendants JAIRO VIVES, and DOMINGO L. MONTENEGRO had financial and operational control of the business and they are jointly liable for Plaintiffs' damages.

48. Defendants CUESTA CONSTRUCTION, JAIRO VIVES, and DOMINGO L. MONTENEGRO willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiffs' employment with Defendant, as set forth above.

49. Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL and other similarly-situated and against the Defendants CUESTA CONSTRUCTION, JAIRO VIVES, and DOMINGO L. MONTENEGRO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

50. Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL CARLOS A. CABANAS re-adopt each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

51. This action is brought by Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

52. Pursuant 29 C.F.R. §791.2, CUESTA CONSTRUCTION CORP., ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP were joint employers of Plaintiffs.

53. Defendants CUESTA CONSTRUCTION CORP., ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP., hereinafter will be called collectively CUESTA CONSTRUCTION or corporate Defendant.

54. Defendant CUESTA CONSTRUCTION was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

55. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction/remodeling of facilities dedicated to provide services in interstate commerce. Therefore, there is FLSA individual coverage.

56. By reason of the foregoing, the Employer/Defendant CUESTA CONSTRUCTION was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

57. A.-The Defendant employed Plaintiff MARIO L. MELO from approximately January 16, 2017 to February 15, 2017, or four weeks (4 weeks). Plaintiff was hired as a non-exempt hourly employee and his regular rate was $13.00 an hour. During his time of employment Plaintiff worked an average of Sixty (60) hours weekly. However, Defendant did not pay Plaintiff at least minimum wages for all his hours worked, as established by the Fair Labor Standards Act. Plaintiff received only a partial payment of $200.00 before his termination.

58. B.-The Defendant employed Plaintiff JULIO C. GALVEZ from approximately January 16, 2017 to March 30, 2017, or Ten weeks (10 weeks). Plaintiff was hired as a non-exempt hourly employee and his regular rate was $13.00 an hour. During his time of employment Plaintiff worked an average of Sixty (60) hours weekly. However, However, Defendant did not pay Plaintiff at least minimum wages for all his hours worked, as established by the Fair Labor Standards Act. Plaintiff received only a partial payment of $800.00 before his termination.

59. <u>C.-The Defendant employed Plaintiff YOAHY SABOGAL</u> from approximately January 16, 2017 to March 30, 2017, or Ten weeks (10 weeks). Plaintiff was hired as a non-exempt hourly employee and his regular rate was $13.00 an hour. During his time of employment Plaintiff worked an average of Sixty (60) hours weekly. However, Defendant did not pay Plaintiff at least minimum wages for all his hours worked, as established by the Fair Labor Standards Act. Plaintiff received only a partial payment of $800.00 before his termination.

60. While employed by Defendant CUESTA CONSTRUCTION Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL worked an average of more than 40 (Forty) hours per week, without being properly compensated. Plaintiffs performed the same or similar duties as that of those other similarly-situated "construction employees", who Plaintiffs observed worked in excess of 40 hours per week, but that were not paid regular wages.

61. Defendant failed to pay Plaintiffs minimum wages for a substantial number of hours in violation of the minimum wage provision of the Fair Labor Standard Act.

62. Plaintiffs were not allowed to punch in and out, and Defendant did not keep track of, and record the hours worked by Plaintiffs and other similarly situated employees.

63. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated employees.

64. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

65. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

### A.-PLAINTIFF MARIO L. MELO

*Please note that these amounts are based on a preliminary calculation and these figures could be subject to modification as new evidence could dictate.
*Florida minimum wage for 2017 is $8.10, which is higher than Federal minimum Wage. As per FLSA regulations the higher minimum wage applies.

a. Total amount of alleged unpaid wages:

One Thousand Two Hundred Ninety-Six Dollars and 00/100 ($1,296.00)

b. Calculation of such wages:

Total Period of Employment:  4 weeks
Total number of hours worked weekly:  60 hrs.
Total number of regular hours:  40 hours weekly
Total number of unpaid regular hours: 40 hours weekly
Florida Minimum wage 2017 rate:  $8.10 an hour

$8.10 x 40 regular hours= $324.00 weekly x 4 weeks = $1,296.00

c. Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid regular hours at Florida Min. wage rate.

### B.-PLAINTIFF JULIO C. GALVEZ

*Please note that these amounts are based on a preliminary calculation and these figures could be subject to modification as new evidence could dictate.
*Florida minimum wage for 2017 is $8.10, which is higher than Federal minimum Wage. As per FLSA regulations the higher minimum wage applies.

a. Total amount of alleged unpaid wages:

Three Thousand Two Hundred Forty Dollars and 00/100 ($3,240.00)

b. Calculation of such wages:

Total Period of Employment:  4 weeks
Total number of hours worked weekly:  60 hrs.
Total number of regular hours:  40 hours weekly

Total number of unpaid regular hours: 40 hours weekly
Florida Minimum wage 2017 rate:  $8.10 an hour

$8.10 x 40 regular hours= $324.00 weekly x 10 weeks = $3,240.00

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid regular hours at Florida Min. wage rate.

<u>C.-PLAINTIFF YOAHY SABOGAL</u>

*Please note that these amounts are based on a preliminary calculation and these figures could be subject to modification as new evidence could dictate.
*Florida minimum wage for 2017 is $8.10, which is higher than Federal minimum Wage. As per FLSA regulations the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

Three Thousand Two Hundred Forty Dollars and 00/100 ($3,240.00)

   b. <u>Calculation of such wages</u>:

Total Period of Employment:  4 weeks
Total number of hours worked weekly:  60 hrs.
Total number of regular hours:  40 hours weekly
Total number of unpaid regular hours: 40 hours weekly
Florida Minimum wage 2017 rate:  $8.10 an hour

$8.10 x 40 regular hours= $324.00 weekly x 10 weeks = $3,240.00

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid regular hours at Florida Min. wage rate.

66. Defendant CUESTA CONSTRUCTION unlawfully failed to pay minimum wages to Plaintiffs.

67. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

68. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

69. At the time mentioned, individual Defendants JAIRO VIVES, and DOMINGO L. MONTENEGRO were and are now, the owners/partners/managers of ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP (collectively called CUESTA CONSTRUCTION). Defendants JAIRO VIVES, and DOMINGO L. MONTENEGRO are also the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs and others similarly situated. Defendants JAIRO VIVES, and DOMINGO L. MONTENEGRO had financial and operational control of the business and they are jointly liable for Plaintiffs' damages.

70. Defendants CUESTA CONSTRUCTION, JAIRO VIVES, and DOMINGO L. MONTENEGRO willfully and intentionally refused to pay Plaintiffs minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

71. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiffs and against the Defendants CUESTA CONSTRUCTION, JAIRO VIVES, and DOMINGO L. MONTENEGRO, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL and those similarly-situated demand trial by jury of all issues triable as of right by jury. triable as of right by jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATION; AGAINST ALL DEFENDANTS**

72. Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL re-adopt each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

73. Pursuant 29 C.F.R. §791.2, CUESTA CONSTRUCTION CORP., ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP were joint employers of Plaintiffs.

74. Defendants CUESTA CONSTRUCTION CORP., ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP., hereinafter will be called collectively CUESTA CONSTRUCTION or corporate Defendant.

75. Defendant CUESTA CONSTRUCTION was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

76. Plaintiffs were employed by an enterprise engaged in interstate commerce. Plaintiffs were construction workers participating in the construction/remodeling of facilities dedicated to provide services in interstate commerce. Therefore, there is FLSA individual coverage.

77. By reason of the foregoing, the Employer/Defendant CUESTA CONSTRUCTION was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

78. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

79. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

80. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

81. Defendant CUESTA CONSTRUCTION employed Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL to work at the Lennox Hotel Project) located at 1900 Collins Avenue, Miami Beach, Florida 33139.

82. Plaintiffs were hired as tile installers, they were full time employees with a wage rate of $13.00 an hour.

83. Defendant employed Plaintiffs at different times and periods, but all of them were subjected to the same employment practices, and they were not paid minimum wages and overtime hours at the rate of time and a half their regular rate.

84. During their time of employment with Defendant, Plaintiff worked 6 days per week, from Monday to Saturday a minimum of 60 hours every week. However, Plaintiffs were not paid their regular wages and overtime hours at any rate, not even the minimum wage rate. Plaintiffs received only small partial payments.

85. Therefore, Defendants failed to pay Plaintiff minimum wages and overtime hours at the rate of time and a half their regular rate, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

86. Plaintiffs complained with their supervisors JAIRO VIVES, DOMINGO L. MONTENEGRO, and Ariel Diaz, about unpaid regular and overtime hours, every week. Plaintiff received just a partial payment.

87. These complaints constituted These complaints constituted protected activities under the Fair Labor Standards Act.

88. Defendant CUESTA CONSTRUCTION had full knowledge of the multiple complaints of these workers. However, nothing was done to correct the problem.

89. As a result of the multiple complaints, Defendant retaliated against Plaintiffs by firing them at different dates, but for the same reason, Plaintiffs' multiple demands to be paid their regular and overtime wages.

90. At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiffs' employment with Defendant.

91. The termination of Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL by the Defendant, was directly and proximately caused by Defendant's unjustified retaliation against Plaintiffs because of their complaints about regular and overtime payment, in violation of Federal Law.

92. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity occurred on payment days, in which Plaintiffs did not receive payments checks.

93. A.-The Defendant employed Plaintiff MARIO L. MELO from approximately January 16, 2017 to February 15, 2017, (4 weeks), date in which he was fired. Plaintiff received only a partial payment of $200.00 before his termination.

94. B.-The Defendant employed Plaintiff JULIO C. GALVEZ from approximately January 16, 2017 to March 30, 2017, (10 weeks), date in which he was fired. Plaintiff receive partial cash payment for the amount of $800.00 before his termination.

95. C.-The Defendant employed Plaintiff YOAHY SABOGAL from approximately January 16, 2017 to March 30, 2017, (10 weeks), date in which he was fired Plaintiff received only a partial payment of $800.00 before his termination.

96. At the time mentioned, individual Defendants JAIRO VIVES, and DOMINGO L. MONTENEGRO were and are now, the owners/partners/managers of ALL CONSTRUCTION & DEVELOPERS SOUTH FLORIDA LLC, and MONMAN LIGHTNING BATH CENTER CORP (collectively called CUESTA CONSTRUCTION). Defendants JAIRO VIVES, and DOMINGO L. MONTENEGRO are also the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs and others similarly situated. Defendants JAIRO VIVES, and DOMINGO L. MONTENEGRO had financial and operational control of the business and they are jointly liable for Plaintiffs' damages.

97. Defendants CUESTA CONSTRUCTION, JAIRO VIVES, and DOMINGO L. MONTENEGRO willfully and maliciously retaliated against Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL by engaging in retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiffs from exercising his rights under 29 U.S.C. 215(a)(3).

98. The Defendants' termination of Plaintiffs was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiffs have been damaged.

99. Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants CUESTA CONSTRUCTION, JAIRO VIVES, and DOMINGO L. MONTENEGRO that Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiffs recovers an award of reasonable attorney fees, costs, and expenses;

D. Order the Defendants to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiffs MARIO L. MELO, JULIO C. GALVEZ, and YOAHY SABOGAL demands trial

by jury of all issues triable as of right by jury.

Dated: May 18, 2017

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*