**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 17-21876-CV-WILLIAMS/TORRES

MARIO E. MELO, JULIO C. GALVEZ,
and YOAHY SABOGAL,

      Plaintiffs,

v.

CUESTA CONSTRUCTION CORP., *et al.*,

      Defendants.
_____/

**ORDER ON MOTIONS FOR DEFAULT JUDGMENT AND MOTION
TO SET ASIDE CLERK'S DEFAULT**

There are currently three Motions pending before this Court: (1) a Motion for Default Judgment filed by Plaintiffs Mario L. Melo, Julio C. Galvez, and Yoahy Sabogal ("Plaintiffs") against Defendant All Construction & Developers North Miami ("All Construction"), submitted on October 17, 2017 [D.E. 42]; (2) a Motion for Default Judgment, brought by Cuesta Construction Corp. ("Cuesta") on October 24, 2017, for a Third Party Complaint it filed against All Construction [D.E. 41]; and (3) All Construction's Motion to Set Aside the Clerk's Default [D.E. 43], entered in favor of Cuesta on September 20 and Plaintiffs on October 15, 2017. [D.E. 34, 40]. For the

reasons stated below, we find that All Construction's Motion should be **GRANTED**, with the Motions filed by Plaintiffs and Cuesta being **DENIED as moot**.[1]

## I. *FACTUAL BACKGROUND*

This claim arrived in federal court as a result of a lawsuit filed by Plaintiffs on May 18, 2017. [D.E. 1]. Plaintiffs allege that Defendants Cuesta, All Construction and certain other individuals violated the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (the "FLSA"), in addition to the statute's retaliation provisions. *See* 29 U.S.C. § 215(a)(3); D.E. 1, p. 21-26. The alleged FLSA violations took place during Plaintiff's alleged employment with Defendants as construction workers, during a period of time in which each worked for the respective Defendants on a hotel restoration project in Miami Beach, Florida. Cuesta and All Construction argue that Plaintiffs are not "employees" as defined by the FLSA, and as such cannot be held in violation of the statute. [D.E. 11, 24, 43].

The initial Complaint was served on Cuesta on May 25, 2017. [D.E. 8]. All Construction received its copy of the complaint on June 8, 2017. [D.E. 12]. Cuesta answered on June 15, 2017, and initiated a Third Party suit against All Construction that same day. [D.E. 11]. Cuesta's Third Party Complaint sought contractual and common law indemnification from All Construction for any claims brought in connection with the construction project against Cuesta, including those claims

---

[1] The Plaintiffs' Motion for Default against All Construction is mooted by the Parties' Motion for Settlement Approval, filed on December 9, 2017, which seeks dismissal of all FLSA claims brought against All Construction in their entirety. [D.E. 55]. Cuesta's Motion is mooted by this Order.

2

asserted by Plaintiffs here. *Id*. [D.E. 11, p. 29-30]. All Construction received a copy of the Third Party Complaint on June 23, 2017, but failed to timely respond under the Federal Rules of Civil Procedure. [D.E. 20].[2] Accordingly, Cuesta sought a clerk's entry of default against All Construction on September 19, 2017, and Plaintiffs followed suit two weeks later. [D.E. 33, 39]. Those orders were entered by the clerk on September 20 and October 15, 2017, respectively. [D.E. 34, 40].

Plaintiffs and Cuesta now ask this Court to enter default judgment against All Construction for the FLSA and indemnity claims. All Construction opposes the Motions and asks us to set aside the clerk's default under Rule 55(c) of the Federal Rules of Civil Procedure, arguing that its failure to respond to the Complaint occurred as a result of excusable neglect. The Motions have been fully briefed, and each matter is now ripe for adjudication.

## II.     *ANALYSIS*

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). Following a clerk's entry of default, a party must then petition the court for a default judgment. *Id*. at (b)(1). A default may, however, be set aside for "good cause." *Id*. at (c). "'Good cause' is a mutable standard, varying from situation to situation." *Compania Interamericana*

---

[2]     Plaintiff filed an Amended Complaint on June 22, 2017. [D.E. 16]. Cuesta answered the Amended Complaint four days later on June 26 and once again included its Third Party Complaint against All Construction. [D.E. 24]. Cuesta served a second copy of the Third Party Complaint on All Construction on July 11, 2017. [D.E. 29].

3

*Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether a party demonstrates good cause to set aside a default, courts should consider the following factors: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether there is a threat of significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default. *Id*.

All Construction offers a simple explanation for its failure to answer the cross-claim filed by Cuesta: Andres Leon, the principal for All Construction, unintentionally misplaced the pleadings upon service, which resulted in the company's failure to calendar the relevant deadlines to respond. [D.E. 43, p. 2]. The confusion came about during a time in which Mr. Leon had been frequently traveling for work. *Id*. The Eleventh Circuit has found that "excusable negligent encompasses situations in which failure to comply with a filing deadline is due to negligence," *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1990), and recognizes that a clerical error or miscommunication can cause a party to inadvertently overlook a filing deadline. *See Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1202 (11th Cir. 1998) ("'Excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.") (quoting *Pioneer Investment Servs. Co. v. Brunswick Assoc. Limited Partnership*, 507 U.S. 380 (1993)). We view Mr. Leon's mistake as nothing more than a negligent act that resulted in his failure to respond to the claims

4

asserted against him. Under these circumstances, this failure constitutes excusable neglect and satisfies the "good cause" requirement of Rule 55(c). *Walter*, 181 F.3d at 1202 (characterizing a secretary's failure to record a filing deadline as excusable neglect); *Cheney*, 71 F.3d at 850 (miscommunication between associate and lead attorney resulted in delayed filing constituted excusable neglect).

The other factors also weigh in favor of setting aside the default. First, there is no indication that the entry of default occurred as a result of some willful or reckless act by All Construction or Mr. Leon. Additionally, setting aside the default would not prejudice Cuesta, as the case is in the early proceedings and involves a fairly simply dispute over the relevant contract's indemnification provisions. All Construction also sets forth a meritorious defense to the claim in its Motion, arguing that it cannot be considered the employer of the Plaintiffs for purposes of the FLSA, which could conceivably avoid triggering the indemnity clause contained in the contract and nullify the underlying claim brought by Cuesta. These factors also work to establish good cause under Rule 55. *See Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (movant must make only a "bare minimum showing" to support a claim for relief under the good cause standard set forth by Rule 55(c)).

In sum, we note that default judgments are generally viewed with disfavor "because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F. 3d 780, 783 (11th Cir. 1993). Given this policy, in addition to the demonstration of excusable neglect by All Construction and the lack of any demonstrable prejudice to Cuesta, we find "good cause" to set aside the entry

5

of the Clerk's default here. Accordingly, the default should be vacated, and All Construction is hereby ordered to respond to the Third Party Complaint within ten (10) days of the date of this Order.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that:

1. All Construction's Motion to Set Aside the Clerk's Entry of Default [D.E. 43] is **GRANTED**. The Clerk's Entry of Default is vacated, and All Construction must respond to Cuesta's Third Party Complaint within ten (10) days;

2. Cuesta and Plaintiffs' Motion for Default Judgment [D.E. 41, 42] are **DENIED as moot.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of December, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge